FILED

JAMES BONINI
CLERK

'09 AUG 31 PM 1:09

U S DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

CHRISTOPHER V. DOWNEY
3216 Bishop Street
Cincinnati, OH 45220
           Plaintiff

    v.

BLAISE A. DOWNEY
3216 Bishop Street
Cincinnati, OH 45220
           Defendant

Case No. **1:09CV634**

Judge **J.BARRETT**

**J.BLACK**

COMPLAINT FOR JUDGEMENT FOR
INFRINGEMENT OF COPYRIGHT

PARTIES

1. Plaintiff is a citizen of the United States residing in the State of Ohio.

2. Defendant is a citizen of the United States residing in the State of Ohio.

3. Plaintiff and Defendant together own portions of certain intellectual property in common. The property is listed at the Office of Copyrights under the headings, "Virtual Oblivion" and "The Emperor and His Zombies". Said property is comprised of musical works created over the course of twenty-four years, during which Plaintiff operated a recording studio at the property jointly owned by Plaintiff and Defendant, said property being located at 3216 Bishop Street, Cincinnati, Ohio

4. Plaintiff, using form PA, on January 27, 1994, registered twenty-nine songs under Copyright Registration Number, SRu000287757. The title of the work is, "Virtual Oblivion".

5. Using Form SR, Defendant filed Copyright Registration Number SRu593 - 919 on April 19, 2005. The title of the work is, "The Emperor and His Zombies (CD 1, CD 2, CD 3)". Seventy-three (73) songs are copyrighted in the three (3) CD's submitted as a collective work. This registration was confirmed, giving the effective date of registration as April 25, 2005. Defendant listed Plaintiff as Co-author of the material included in this filing. All songs in this work are defined by Defendant as being unpublished.

6. Using Form SR, Defendant filed Copyright Registration Number SRu663 - 486 on November 27, 2006. The title of the work is, "The Emperor and His Zombies CD 4 (Revised)". Twenty (20) songs are copyrighted in the single CD submitted as a collective work. This registration was confirmed, giving the effective date of registration as February 26, 2007. Included in this filing was Form SR/CON, registered as SRu663 -486, on February 26, 2007. Defendant stipulates therein that certain works included in CD 4 are derivative, substantially similar to, or copied from material included in the initial filing, SRu593 - 919, noted directly above. Defendant listed Plaintiff as Co-author of the material included in this filing. Defendant defines songs in this work as unpublished material.

1

7. In continuing his compilation of work under the initial heading, "The Emperor and His Zombies", on June 23, 2007, Defendant filed Form SR, designating "The Emperor and His Zombies CD5" as an amendment to his prior Copyright Claim. This registration was confirmed on July 2, 2007, as SRu667 - 866. Three songs were added to Defendant's compilation, thereby creating a total of ninety-six (96) songs to which Copyrights are claimed by Defendant. Defendant listed Plaintiff as Co-author of the material included in this filing. Defendant defines the songs in this work as unpublished material.

8. Defendant, as of August 16, 2009, continued to state to Plaintiff that;

A. Defendant had deleted from his computer all records of materials Copyrighted by Defendant, and that Defendant possessed no audio records designating what material had been Copyrighted.

B. Defendant had Copyrighted no materials, whatsoever, during the year of 2007.

C. Defendant had received only a single piece of paperwork from the Office of Copyrights, and that said paperwork made no specific listing of what material had been Copyrighted by Defendant.

JURISDICTION AND VENUE

9. Jurisdiction and Venue are proper pursuant to section 17 U.S.C. 501 of United States Code.

COMPLAINT I - COPYRIGHT INFRINGEMENT

10. Plaintiff hereby reiterates and incorporates by reference the allegations Contained in paragraphs 1 through 9 as though fully written herein.

11. Defendant's Song 18, CD 4, "White Castles in Africa", is included within Defendant's Copyright, Registration Number, SRu663 - 486, "The Emperor and His Zombies CD4 (Revised)".

12. Defendant holds no Copyright involving the instrumental track underlying Song 18, CD 4. Said instrumental track was created solely by Plaintiff, and has no bearing, with regard to Defendant's lyrics, to "White Castles in Africa".

13. Contrary to his allegation in SRu663 - 486, Defendant did not participate as  Author in any portion of the Sound Recording, Song 18, CD 4.

14. Plaintiff requests a judgment of $30,000.00 (Thirty-thousand dollars) against Defendant for Statutory Damages relating to Willful Copyright Infringement.
17 U.S.C. 504 (c) (2)

15. Plaintiff requests that the Court order Defendant to remove offending vocal track from Song 18, CD 4.

16. Plaintiff requests that the Court order Defendant, as per Plaintiff's wish, to re-title Song 18, CD 4, sans vocal track, "All Men are African".

COMPLAINT II - COPYRIGHT INFRINGEMENT

17. Plaintiff hereby reiterates and incorporates by reference the allegations Contained in paragraphs 1 through 9 as though fully written herein.

18. Defendant includes "Visions of Captain Space", Song 1, CD 1, amongst his Submissions within Copyright Registration Number, SRu593 - 919.

19. Defendant did not participate as Author of this Sound Recording.

20. Defendant did not obtain Plaintiff's permission or licensing to include "Visions of Captain Space on SRu593 - 919.

21. Plaintiff requests a judgment of $30,000.00 (Thirty-thousand dollars) against Defendant for Statutory Damages relating to Willful Copyright Infringement.
17 U.S.C. 504 (c) (2)

22. Plaintiff requests that the Court order Defendant to credit Plaintiff as sole Author of Sound Recording, "Visions of Captain Space", by filing Form SR/CON.

COUNT III - COPYRIGHT INFRINGEMENT

23. Plaintiff hereby reiterates and incorporates by reference the allegations Contained in paragraphs 1 through 9 as though fully written herein.

24. Defendant's Song 1, CD 4, "Don't Be Cruel", is included within Defendant's Copyright, Registration Number, SRu663 - 486, "The Emperor and His Zombies CD 4 (Revised)".

25. Defendant holds no rights to the underlying instrumental track of this recording. Said instrumental track bears no relationship to "Don't Be Cruel".

26. Said instrumental track was created from a 1930's blues recording. Plaintiff "mixed down" this recording by way of developing Plaintiff's editing skills.

27. Plaintiff had no intention of Copyrighting said instrumental track, especially, given that Plaintiff is a musician with some degree of expertise in playing blues guitar, and the track is extremely raw, as well as noisy.

28. Plaintiff held a discussion with Defendant relating that, even though the track had been recorded in the 1930's, it was not, under U.S. Copyright Law, in the Public Domain.

29. Defendant includes "Don't Be Cruel" within SRu663 - 486 for the purposes of Expressing Defendant's disdain for Elvis Presley, and of harassing Plaintiff.

30. Defendant includes "Don't Be Cruel" within SRu663 - 484 as a method of expressing sarcasm.

31. Defendant owns a large collection of recorded music. No Elvis Presley songs are included in said collection.

32. Publishing rights to the song, "Don't Be Cruel", are defined as follows;
    Copyright 1956, Elvis Presley Music, USA
    Carlin Music Corporation, Iron Bridge House, 3 Bridge Approach

33. Defendant made no attempt to secure licensing with regard to Count III, 19 through 25.

34. Defendant had no justification to Copyright, and knew he was in Infringement.

35. Plaintiff requests the Court order Defendant to remove, Song 1, CD 4, from SRu663 - 486,

3

36. Plaintiff requests that the Court, upon rendering judgment, direct Defendant to compensate an attorney, chosen by Plaintiff in the interests of extricating Plaintiff from the entanglements and entrapments intentionally placed, by way of false Copyright Claims filed by Defendant, for the express purpose of rendering Plaintiff unable to market Plaintiff's Intellectual Property.

COMPLAINT IV - COPYRIGHT INFRINGMENT

37. Plaintiff hereby reiterates and incorporates by reference the allegations contained in paragraphs 1 through 9 as though fully written herein.

38. Defendant's Song 4, CD 4, "The Lost Episode of the Green Hornet Show", is included within Defendant's Copyright, Registration Number, SRu663 - 486.

39. Defendant's Song 14, CD 2, "Serpeant on Green Hornet Show and Not Much to Occupy Me", is included within Defendant's Copyright, Registration Number, SRu593 - 919. It is lyrically substantially similar to Plaintiff's Sound Recording, "Lost Episode of the Green Hornet Show".

    A. Lyrics from Defendant's Song 14, CD 2;

        1. "He's a master of disguise, been gone since February"

        2. "He loves to play the villain"

    B. Lyrics from Plaintiff's, "Lost Episode of the Green Hornet Show";

        1. "He's a master of disguise, he been gone since February"

        2. "He loves to play the villain"

40. "Lost Episode of the Green Hornet Show", lyrically co-written by Plaintiff and Defendant, is Copyrighted on Plaintiff's Copyright, SRu000287757.

    A. Defendant played no part in the authorship of this Sound Recording.

    B. Defendant's copy within SRu663 - 486 includes a sound effect taken from Microsoft Windows at the beginning of the song. Plaintiff's original version was authored on four track reel to reel tape prior to the existence of Microsoft Windows.

41. "Serpeant on Green Hornet Show and Not Much to Occupy Me" is referred to in the Defendant's SR/CON filing, SRu663 - 486. That Defendant is attempting to monopolize the ownership of the work becomes clear from the language Defendant uses on the SR/Continuation Form, capitals are Defendant's;

  "THE EMPEROR AND HIS ZOMBIES (CD4 TABLE OF CONTENTS NO. 4 THE LOST EPISODE OF THE GREEN HORNET SHOW COMES FROM THE EMPEROR AND HIS ZOMBIES (CD2 TABLE OF CONTENTS NO. 14 FIRST SONG SERPEANT ON GREEN HORNET SHOW)".

42. Defendant Infringes upon Plaintiff's Copyright, SRu000287757, with both CD 2, Song 14, and CD 4, Song 4. Defendant states that Plaintiff's sound recording was not published. It was published on multiple occasions, including at WAIF Public Radio, Listensmart.com, and Mp3.com. Defendant was well aware that it had been published.

43. "Not Much to Occupy Me", lyrically partially included in the lyrics to Song 14, CD 2, is Defendant's term for "Last Transmission", co-written by Plaintiff and James Fitzgerald. Defendant holds no rights to "Last Transmission", in that Defendant did not contribute lyrics, nor does Defendant compose music, nor does Defendant play any instrument. Defendant is forty-eight years old, and has not, as of yet, composed a single melody.

4

44. Plaintiff requests that the Court order Statutory Judgment in the amount of $30,000.00 (Thirty-thousand dollars) to Plaintiff in compensation for willful Copyright Infringement occurring, as defined, in Count IV.
17 U.S.C. 504 (c) (2)

45. Plaintiff requests the Court order Defendant to remove Song 14, CD 2, from SRu593 - 919.

46. Plaintiff requests the Court order Defendant to credit Plaintiff as sole Author of Sound Recording, Song 4, CD 4, from SRu663 - 486.


COMPLAINT V - COPYRIGHT INFRINGEMENT

47. Plaintiff hereby reiterates and incorporates by reference the allegations contained in paragraphs 1 through 9 as though fully written herein.

48. Defendant's Song 5, CD 4, "Goldfinger", is included within Defendant's Copyright, Registration Number, SRu663 - 486, "The Emperor and His Zombies CD 4 (Revised)".


49. Defendant holds no rights to the underlying instrumental track of this recording. Said instrumental track bears no relationship to "Goldfinger", the theme song of the film, "Goldfinger", released by United Artists Motion Pictures, 1964.


50. Publishing rights to the song, "Goldfinger", are defined as,
    "Goldfinger", Copyright 1964,
    United Artists Music LTD., London, England
    UNART Music Corporation, CBS Catalogue.

51. Defendant made no attempt to secure licensing with regard to Count V, 48 through 50.

52. Defendant did not obtain permission to Copyright 49, instrumental track created by Plaintiff.

53. Defendant's Song 16, CD 4, "Voodoo Goldfinger", is included within Defendant's Copyright, Registration Number, SR663 - 486, "The Emperor and His Zombies CD 4 (Revised)".

54. Song 16, CD 4, repeats the Copyright Infringements inherent in Complaint V, 50 and 51, as it regards the lyrical copyrights for "Goldfinger".

55. The instrumental segment of Song 16, CD 4, is taken from "Voodoo Chile". Publishing rights for Voodoo Chile" are defined as follows;
    Copyright 1968, Jimi Hendrix
    Bella Godiva Music (ASCAP)
    MCA Records, Inc.

56. Defendant states that he has no obligation to license samples under the length of two seconds. This statement, although, incorrect, underlines the fact that Defendant was knowingly breaking the law by Copyrighting "Voodoo Goldfinger", wherein the overall sample is significantly longer than the two second length that Defendant points to as allowable. See Count VIII, 80 (c).

57. Plaintiff requests that the Court award Statutory Judgment to Plaintiff in the amount of $30,000.00 (thirty-thousand dollars) for willful Copyright Infringement committed by Defendant, and occurring, as defined, in Count V.
17 U.S.C. 504 (c) (2)

58. Plaintiff requests the Court order Defendant to remove Song 16, CD 4, from SRu663 - 486.

59. Plaintiff requests the Court order Defendant to remove Song 9, CD 4, from SRu663 - 486.

60. Plaintiff requests that the Court order Defendant to remove vocal track from Song 5, CD 4; to re-title instrumental track, as per Plaintiff's wish, "R & B, A"; and relinquish any and all Copyright claims, on the part of Defendant, to said instrumental track.

COUNT VI

61. Plaintiff hereby reiterates and incorporates by reference the allegations contained in paragraphs 1 through 9 as though fully written herein.

62. Defendant's Song 7, CD 4, "Nobody Does it Better", is included within Defendant's Copyright, Registration Number, SRu663 - 486, "The Emperor and His Zombies CD 4 (Revised)".

63. Defendant holds no rights to the underlying instrumental track of this recording. Said instrumental track bears no relationship to "Nobody Does it Better", the theme song of the film, "The Spy Who Loved Me", released by United Artists Motion Pictures, 1964.

64. Publishing rights to the song, "Nobody Does It Better", are defined as follows;
     "The Spy Who Loved Me" From United Artists Motion Pictures,
     "The Spy Who Loved Me"
     Copyright 1977, DANJAQ S.A.
     United Artists Music Corporation, Incorporated, and UNART Music Corp.

65. Defendant made no attempt to secure licensing, or publishing permission, with regard to Count VI, 56, instrumental track.

66. Defendant made no attempt to secure licensing, or publishing permission, with regard to Count VI, 57, lyrics to "Nobody Does It Better".

67. Plaintiff requests that the Court award Statutory Judgment to Plaintiff in the amount of $30,000.00 (Thirty-thousand dollars) for willful Copyright Infringement committed by Defendant, and occurring, as defined, in Count VI.
    17 U.S.C. 504 (c) (2)

68. Plaintiff requests the Court order Defendant to remove Song 7, CD 4, from SRu663 - 486.


COUNT VII - COPYRIGHT INFRINGEMENT

69. Plaintiff hereby reiterates and incorporates by reference the allegations contained in paragraphs 1 through 9 as though fully written herein.

70. Defendant's Song 6, CD 4, "Mean Woman Blues", is included within the Defendant's Copyright, Registration Number, SRu663 - 486, "The Emperor and His Zombies CD 4 (Revised)".

71. Defendant holds no rights to the underlying instrumental track of this recording.

72. Publishing rights to the song, "Mean Woman Blues", are defined as follows;
 Copyright 1957, Gladys Music, USA
 Carlin Music Corporation, Iron Bridge House, 3 Bridge Approach, London

73. Defendant made no attempt to secure licensing with regard to Count VII, 57.

6

74. Defendant made no attempt to secure Plaintiff's permission to Copyright, as per, Count VII, 56, Plaintiff's instrumental track in Song 6, CD 4.

75. Plaintiff requests that the Court award Statutory Judgment to Plaintiff in the amount of $30,000.00 (Thirty-thousand dollars) for willful Copyright Infringement committed by Defendant, and occurring, as defined, in Count VII.
    17 U.S.C. 504 (c) (2)

76. Plaintiff requests that the Court order Defendant; to remove vocal track from Song 6, CD 4 SRu663 - 486; to re-title instrumental track, as per Plaintiff's wish, "R & B, B"; to relinquish any and all Copyright claims, on the part of Defendant, to said track.

COUNT VIII - COPYRIGHT INFRINGEMENT

77. Plaintiff hereby reiterates and incorporates by reference the allegations contained in paragraphs 1 through 9 as though fully written herein.


78. Defendant's Song 23, CD 1, "Sunshines on the Psycho Killer over Heaven of Your Face (Version 1)", appears within Defendant's Copyright, SRu593 - 919.

     A. "Heaven of Your Face" was performed by Nelson Slater and Leslie Ann Knochbauer.

     B. Defendant takes "Heaven of Your Face" and overdubs the lyrics to "Psyche Killer".

     C. Defendant did not seek, or obtain ,permission from Leslie Ann Knochbauer for rights to include Song 23, CD 1, in  SRu593 - 919.

79. Defendant's Song 25, CD 1, "Sunshines on the Psycho Killer (Version 3) (Happy Music)", appears within Defendant's Copyright, SRu593 - 919.

80. Song 25, CD 1, contains an instrumental track substantially similar to that found in CD 2, Song 6,"Happy Tunnel of Snakes to Hell".

81. Defendant did not seek or obtain permission from Plaintiff to include the underlying instrumental track within Song 25, CD 1, SRu593 - 919.

82. The lyrics to Song 23, CD 1, are substantially similar to those found in Song 25, CD 1.

          A. Song 23, CD 1, lyrics; "Invisible wolves on the prowl,
                              Invisible packs start to howl"

          B. Song 25, CD 1, lyrics; "Invisible wolves on the prowl,
                              Invisible packs start to howl"

83. Plaintiff requests the Court order Defendant to remove Song 23, CD 1, from SRu593 - 919.

84. Plaintiff requests the Court order Defendant to remove Song 25, CD 1, from SRu593 - 919.

85. Plaintiff requests the Court order Defendant to remove vocal track from Song 25, CD1; re-title instrumental track, as per Plaintiff's wish, "R & B, C"; and relinquish any and all Copyright claims, on the part of Defendant, to said track.

COUNT IX - COPYRIGHT INFRINGEMENT

86. Plaintiff hereby reiterates and incorporates by reference the allegations contained in paragraphs 1 through 9 as though fully written herein.

87. Defendant's Song 19, CD 2, "Zombie Dub", appears within Defendant's Copyright, Registration Number, SRu593 - 919, Plaintiff and Defendant holding jointly owned Copyright.

    A. Song 19, CD 2, was published by Plaintiff and Defendant through Nelson Slater of WAIF Radio. It was published by Plaintiff, with the knowledge of Defendant, at Listensmart.com, and at Mp3.com.

88. "Pharmaceutical Fight" was published by Plaintiff, Copyright Number, SRu000287757.

89. Defendant's Song 7, CD 3, "Roland the Headless Gunner and Werewolves of London", appears within Defendant's Copyright, Registration Number, SRu593 - 919.

    A. Song 7, CD 3, contains the same guitar track as "Pharmaceutical Fight". Said track is sped up in "Pharmaceutical Fight" to double speed, but is identical. Song 7, CD 3, Infringes upon Plaintiff's SRu000287757.

    B. Song 7, CD 3, contains the lyrics to Warren Zevon's, "Werewolves of London". The Publishing rights to "Werewolves of London" are defined as follows;
        Copyright 1978, Elektra/Asylum Records
        Polite Music (ASCAP)
        Zevon Music, BMI

    C. Song 7, CD 3, contains the lyrics to "Roland the Headless Thompson Gunner" also by Warren Zevon. Publishing rights as follows;
Copyright 1978, Elektra/Asylum Records
Zevon Music, BMI

    D. Defendant did not seek, or obtain, licensing to use the guitar track from 88., A., within his Copyright of Song 7, CD 3.

    E. Defendant did not seek, or obtain, licensing for lyrics described in 88., B. and C.

90. Defendant's Song 7, CD 4 "Roland the Headless Thompson Gunner and Werewolves of London With Special Effects", SRu663 - 486.

    A. Defendant has no licensing rights, as per 88., B., C., E., for lyrics in Song 7, CD 4.

    B. Song 7, CD 4 contains the same musical segment described in 88., A., and is in Infringement of "Pharmaceutical Fight", Plaintiff's Copyright, SRu000287757.

    C. Song 7, CD 4, is distinguished from Song 7, CD 3, in that the former includes very numerous special effects that defendant did not obtain licensing for.

91. Defendant's Song 18, CD 2, "Poison", appears in Defendant's Copyright, SRu593 - 919.

    A. Song 18, CD 2, contains the same guitar track described in 88., A, Therefore, Song 18, CD 2 Infringes upon Plaintiff's Copyright, SRu000287757.

    B. Song 18, CD 2, contains substantially the same lyrics as those in Song 19, CD 2, Zombie Dub". Song 18, CD 2 Infringes upon Plaintiff's Copyright, SRu593 - 919.

            1.)  Lyrics, Song 18, CD 2, "They scanned your brain, pounded
                                        Pounded your chest
                                        Some called you dead
                                        Some called it rest"

8

2.) Lyrics, Song 19, CD 2   "They scanned your brain,
                            Pound your chest rest
                            Some call it dead
                            Some call it rest"

  C. Song 18, CD 2, was published by Plaintiff through Nelson Slater of WAIF Radio, as evidenced by the fact that Plaintiff recorded the version found in  SRu593 - 919 directly from the radio station. The song played by Mr. Slater prior to his playing "Poison" contains applause clearly heard over the Song 18, CD 2, intro, thereby demonstrating another violation of United States Law, as it regards sampling.
  Bridgeport v. Dimension 410 F. 3d 792 (6th Cir. 2005)

92. Defendant's Song 9, CD 4, "Original Obeah Song", is included within Defendant's Copyright, Registration Number, SRu663 - 486, "The Emperor and His Zombies (CD 4 Revised". Plaintiff requests removal of Song 7, CD 3; Song 18, CD 2; Song 9, CD 4.


93. Song 9, CD 4, contains four Jimi Hendrix guitar samples that are played throughout the song. Song 9, CD 4, Infringes upon the lyrics of Song 19, CD 2.

  A.  Defendant states that no purchasing of licensing by Defendant is necessary when samples are under two seconds in length. In fact, under United States law, all samples must be individually licensed, regardless of length, the de minimus doctrine having been overturned, the court writing, "...get a license or do not sample."
  Bridgeport v. Dimension 410 F. 3d 792 (6th Cir. 2005)

94. Plaintiff requests that the Court award Statutory Judgment to Plaintiff in the amount of $60,000.00 (Sixty-thousand dollars) in compensation for the series of willful Copyright Infringements committed by Defendant, as defined, in Count IX.
  17 U.S.C. 504 (c) (2)

95. Plaintiff requests the Court order Defendant to remove vocal track from the Song 7, CD 4, SRu663 - 486, and re-title the remainder, "Theme from Pharmaceutical Fight".


COUNT X - COPYRIGHT INFRINGEMENT

96. Plaintiff hereby reiterates and incorporates by reference the allegations contained in paragraphs 1 through 9 as though fully written herein.

97. "Secret Agent Andy", lyrically co-written by Plaintiff and Defendant, appears in Plaintiff's Copyright filing, Registration Number, SRu000287757.

  A. "Secret  Agent Andy", in revised and improved form, was published by Plaintiff in the year, 2000, at Listensmart.com, and at Mp3.com, as "Ape Planet Breakdown".

98. Defendant's Song 16, CD 2, "Me and My Monk", appears within Defendant's Copyright, Registration Number,  SRu593 - 919.

  A. Song 16, CD 2, contains substantially the same lyrics as those in "Secret Agent Andy".
  Song 16, CD 2, is in Infringement of Plaintiff's Copyright, SRu000287757.

  1.) Song 16, CD 2, lyrics; "I gave up all hope, so we went to a dive
                            The Orangutan Lounge,
                            There were strippers inside"


9

2.) "Secret Agent Andy", lyrics; "The bad guys gave up hope,
They went to a dive
The Orangutan Lounge
There were strippers inside"

B. Defendant did not seek, or obtain, permission from Plaintiff to use
the instrumental track of Song 16, CD 2, for SRu593 - 919.

99. Defendant's Song 9, CD 2, "Path of Bones (Twice)", appears within
Defendant's Copyright, Registration Number, SRu593 - 919.

A. The instrumental track of Song 9, CD 2, is identical to that
found in Plaintiff's revised version of "Secret Agent Andy", as
per, 97., A.

B. Defendant did not seek, or obtain, permission from Plaintiff to
use said instrumental track in SRu593 - 919. Song 9, CD 2, is in
Infringement of Plaintiff's SRu000287757.

100. Plaintiff requests that the Court award Statutory Judgment to
Plaintiff in the amount of $60,000.00 (Sixty-thousand dollars) for willful
Copyright Infringement committed by Defendant, and occurring, as defined,
in Count X.
17 U.S.C. 504 (c) (2)

101. Plaintiff requests the Court order Defendant to remove vocal track
from Song 16, CD2;
to re-title instrumental track, as per Plaintiff's wish, "R & B, C";
to relinquish any and all Copyright claims, on the part of Defendant, to
said track.

102. Plaintiff requests the Court order Defendant to remove Song 9, CD 2,
from SRu593 - 919, and to replace it with Plaintiff's version described in
97., A.


COUNT XI - COPYRIGHT INFRINGEMENT

103. Plaintiff hereby reiterates and incorporates by reference the
allegations contained in paragraphs 1 through 9 as though fully written
herein.

104. Defendant's Song 8, CD 4, "One of My Turns", appears within
Defendant's Copyright, Registration Number, SRu663 - 486. Publishing
rights to the song, "One of My Turns", are defined as follows;
Copyright 1979, Pink Floyd Music Publishers Limited, London

105. Defendant holds no rights to the underlying instrumental track of
this recording. Said instrumental track bears no relationship to "One of
My Turns", from the album, "The Wall", Pink Floyd, 1979.


106. Defendant did not secure licensing from Plaintiff with regard to
Count XI, 105.

107. Defendant made no attempt to secure licensing with regard to Count
XI, 106.

108. Plaintiff requests that the Court award Statutory Judgment to
Plaintiff in the amount of $30,000.00 (Thirty-thousand dollars) for
willful Copyright Infringement committed by Defendant, and occurring, as
defined, in Count XI.
17 U.S.C. 504 (c) (2)

109. Plaintiff requests the Court order Defendant to remove Song 8, CD 4,
from SRu663 - 486.

10

COUNT XII - COPYRIGHT INFRINGEMENT

110. Plaintiff hereby reiterates and incorporates by reference the allegations contained in paragraphs 1 through 9 as though fully written herein.

111. Defendant's Song 12, CD 4, "Pigs on the Wing", appears within Defendant's Copyright, Registration Number, SRu663 - 486.

112. Defendant holds no rights to the underlying instrumental track of this recording. Said instrumental track bears no relationship to "Pigs on the Wing", from the album, "Animals", Pink Floyd, 1979.

113. Publishing rights to the song, "Pigs on the Wing", are defined as follows;
        Copyright 1977, Pink Floyd Music Publishers, Ltd./Roger Waters
        EMI Records Ltd.

114. Defendant did not secure licensing from Plaintiff with regard to Count XII, 112.

115. Defendant made no attempt to secure licensing with regard to Count XII, 113.

116. Plaintiff requests that the Court award Statutory Judgment to Plaintiff in the amount of $30,000.00 (Thirty-thousand dollars) for willful Copyright Infringement committed by Defendant, and occurring, as defined, in Count XII.
        17 U.S.C. 504 (c) (2)

117. Plaintiff requests the Court order Defendant to remove Song 12, CD 4, from SRu663 - 486.

COUNT XIII - COPYRIGHT INFRINGEMENT

118. Plaintiff hereby reiterates and incorporates by reference the allegations contained in paragraphs 1 through 9 as though fully written herein.

119. Defendant's Song 8, CD 4, "Thunderball", appears within Defendant's Copyright, Registration Number, SRu663 - 486.

    A. Song 8, CD 4, is a derivative of "Mister Kiss Kiss Bang Bang", the theme song of the United Artists Motion Pictures film, "Thunderball", composed by Plaintiff.

    B. Defendant was referred to the Harry Fox Agency by Plaintiff for the purposes of purchasing licensing to the lyrics of "Thunderball", but did not comply.

    C. Defendant was referred to the Harry Fox Agency by Plaintiff for the purposes of obtaining licensing rights to the sound effects used within Song 8, CD 4.

120. Defendant did not seek, or obtain, permission from Plaintiff to include the instrumental track of Song 8, CD 4, within SRu663 - 486.

121. Publishing rights to the song, "Mister Kiss Kiss Bang Bang", are defined as follows;
        Copyright 1964, United Artists Music LTD., London, England
        United Artists Motion Pictures, 1964, "Thunderball"
        UNART MUSIC Corporation, CBS Catalogue Partnership,
        CBS UNART Catalogue

122. Defendant made no attempt to secure licensing from Copyright owners, with regard to Count XIII, 121.

123. Plaintiff requests the Court order Defendant to remove Song 8, CD 4, from SRu663 - 486 until such time as necessary licensing has been arranged.

COUNT XIV

124. Plaintiff hereby reiterates and incorporates by reference the allegations contained in paragraphs 1 through 9 as though fully written herein.

125. Defendant's Song 4, CD 1, "The Dead Will Walk", appears within Defendant's Copyright, Registration Number, SRu663 - 486.

126. Defendant willfully infringed the Copyright of the film, "Dawn of the Dead". The lyrics to this song are taken verbatim from the film's dialogue. The license holders for the film's Copyrights are defined on the DVD of "Dawn of the Dead" as follows;
        Copyright 1978, Universal Studios
        10 Universal City Plaza, Universal City, CA

127. Defendant was referred by Plaintiff to the Harry Fox Agency for licensing assistance, but did not comply.

128. Defendant had no permission from Plaintiff or "Dawn of the Dead" Copyright holders to include "The Dead Will Walk" within SRu663 - 486 without proper licensing.

129. Plaintiff requests that the Court order Defendant to obtain licensing rights to the quotes taken from the film.


COUNT XV

130. Plaintiff hereby reiterates and incorporates by reference the allegations contained in paragraphs 1 through 9 as though fully written herein.

131. Defendant's Song 6, CD 3, "You Only Live Twice", is included within Defendant's Copyright, Registration Number, SRu593 - 919.

132. Defendant holds no rights to the underlying instrumental track of this recording. Said instrumental track bears no relationship to "You Only Live Twice", the theme song of the film, "You Only Live Twice", released by United Artists Motion Pictures, 1967.

133. Publishing rights to the song, "You Only Live Twice", are defined as follows;
        Copyright 1977, DANJAQ S.A.
        United Artists Music Corporation, Incorporated,
        UNART Music Corporation

134. Defendant made no attempt to secure licensing, or publishing permission, with regard to Count XV, 132, instrumental track.

135. Defendant made no attempt to secure licensing, or publishing permission, with regard to Count XV, 133, lyrics to "You Only Live Twice".

136. Plaintiff requests the Court order Defendant to remove Song 6, CD 3, from  SRu593 - 919.


COUNT XVI - COPYRIGHT INFRINGEMENT

137. Plaintiff hereby reiterates and incorporates by reference the allegations contained in paragraphs 1 through 9 as though fully written herein.

138. Defendant's Song 13, CD 4, "Wild Wild West", is included within Defendant's Copyright, Registration Number, SRu663 - 486,

139. Defendant holds no rights to the underlying instrumental track of this recording. Said instrumental track was composed with lyrics individually edited in, as per Defendant's wishes, in order to create a derivative version of "Wild Wild West".

140. Defendant claims that the song's rights are held by a cartoon character, "Eric Cartman." Defendant is well aware that "Eric Cartman" is a cartoon character. Defendant is a collector of memorabilia related to "Eric Cartman", and of memorabilia relating to the television series wherein "Eric Cartman" appears; "South Park".

141. The rights holders of "South Park" are defined as follows;
    South Park, Comedy Central, Comedy Partners

142. Plaintiff requests the court order Defendant to remove Song 13, CD 4, from SRu663 - 486 until such time that Defendant has obtained licensing rights to "Wild Wild West" lyrics.


COUNT XVII - COPYRIGHT INFRINGEMENT

143. Plaintiff hereby reiterates and incorporates by reference the allegations contained in paragraphs 1 through 9 as though fully written herein.

144. Defendant's Song 12, CD 4, "South Park", is included within Defendant's Copyright, Registration Number, SRu663 - 486.

145. Song 12, CD 4, contains an instrumental track identical to that in Song 5, CD 4, which Defendant claims as "Goldfinger", see Complaint V, 48 through 51.

146. Defendant did not request, nor obtain, permission of Plaintiff to use the aforesaid instrumental track in SRu663 - 486.

147. Defendant did not request, nor obtain, permission of "South Park" rights holders to place Song 12, CD 4, on SRu663 - 486.

148. The rights holders of "South Park" are defined as follows;
    South Park, Comedy Central, Comedy Partners

149. Plaintiff requests that the Court award Statutory Judgment to Plaintiff in the amount of $10,000.00 (Ten thousand dollars) for willful Copyright Infringement committed by Defendant, and occurring, as defined, in Counts XVI and XVII.
    17 U.S.C. 504 (c) (2)

150. Plaintiff requests the court order Defendant to remove Song 12, CD 4, from SRu663 - 486.


COUNT XVIII - COPYRIGHT INFRINGEMENT

151. Plaintiff hereby reiterates and incorporates by reference the allegations contained in paragraphs 1 through 9 as though fully written herein.

152. Plaintiff's Copyright, SRu000287757, includes "Do the Bug", listing Defendant as coauthor of lyrics. Defendant did not participate in the Authorship of the Sound Recording.

153. "Do the Bug" is a parody of a particularly annoying 1980's era "Doctor Pepper" soft drink promotional campaign.

154. Defendant's Copyright filing, SRu593 - 919, includes Song 15, CD 2, "I'm a Bug".

    A. Song 15, CD 2 is lyrically substantially similar to Plaintiff's, "Do the Bug." Defendant's Song 15, CD 2, Infringes upon Plaintiff's SRu000287757.
        As one of many examples;

        1.) Song 15, CD 2, lyrics; "Bugs that fly, bugs that crawl
                                    You seen one bug, you seen them all"

        2.) "Do the Bug", lyrics "Bugs that fly, bugs that crawl
            You see one bug, you ain't seen them all"

13

155. Defendant's Copyright filing, SRu593 - 919, includes Song 18, CD 3, "I'm a Bug (Short Version)".

A. Song 18, CD 2, is lyrically substantially similar to Plaintiff's, "Do the Bug". Song 18, CD 2, Infringes upon Plaintiff's Copyright, SRu000287757.

1.) Song 18, CD 2, lyrics; "He's a bug, she's a bug, wouldn't you like to be a bug"

2.) "Do the Bug", lyrics; "He's a bug, she's a bug,
wouldn't you  like, wouldn't you like
He's a bug, she's a bug,
wouldn't you like to be a bug"

156. Defendant's Copyright filing, SRu593 - 919, includes Song 26, CD 3, "Last Chance Bar and Grill".

A. Song 26, CD 3, is substantially lyrically similar to Plaintiff's "Do the Bug". Song 26, CD 3, Infringes upon Plaintiff's Copyright, SRu000287757.

1.) Song 26, CD 3, lyrics; "Might as well admit it, you are just a bug"
"When I grew up, I want to be a bug"

2.) "Do the Bug", lyrics; "When I was growing up, I had to be a bug
Might as well admit it, you are just,
you are just a bug"

157. Plaintiff requests that the Court award Statutory Judgment to Plaintiff in the amount of $60,000.00 (Sixty-thousand dollars) for willful Copyright Infringement committed by Defendant, and occurring, as defined, in Count XVIII.
17 U.S.C. 504 (c) (2)

158. Plaintiff requests that the Court order Defendant to remove Song 15, CD 2; Song 18, CD 3; Song 26, CD 3, from SRu593 - 919.


COUNT XIX - COPYRIGHT INFRINGEMENT

159. Plaintiff hereby reiterates and incorporates by reference the allegations contained in paragraphs 1 through 9 as though fully written herein.

160. Plaintiff's Copyright, SRu000287757, includes "Gunfights on Death Row", and notes Defendant as coauthor of lyrics. Defendant did not participate in the Authorship of the Sound Recording.

A. Plaintiff, with Defendant's knowledge, published "Gunfights on Death Row" through Nelson Slater of WAIF Radio, and at Mp3.com.

161. Defendant's Copyright, SRu593 - 919, includes Song 1, CD 3, "Gunfights on Death Row". Song 1, CD 3, is identical to the work described in Count XX, 160. Song 1, CD 3, does Infringe upon Plaintiff's, SRu000287757.

162. Plaintiff requests that the Court award Statutory Judgment to Plaintiff in the amount of $30,000.00 (Thirty-thousand dollars) for willful Copyright Infringement committed by Defendant, and occurring, as defined, in Count XIX.
17 U.S.C. 504 (c) (2)

163. Plaintiff requests the Court order Defendant to remove Song 1, CD 3 from SRu593 ~ 919.


COUNT XX - COPYRIGHT INFRINGEMENT

164. Defendant includes Song 18, CD 1, "Cannibal Women", within SRu593 - 919.

14

165. Defendant includes Song 19, CD 1, "Cannibal Women", within SRu593 - 919.

166. In relation to Song 19, CD 1, Defendant asked Plaintiff about the possibility of adding jungle sound effects to the original, Song 18, CD 1. Plaintiff responded that there were two options;

A. Plaintiff could create that sort of effects, himself, as he had already done for a recent project.

B. Plaintiff could edit in sound effects from a personal usage sound effects album, but Defendant would have to acquire licensing to publish the result from the publisher of "Sounds of the Everglades".

167. Defendant chose B., the latter option. Plaintiff edited in the sound effects heard on Song 19, CD 1.

168. Defendant proceeded to Copyright Song 19, CD 1 without Plaintiff's knowledge, and against Plaintiff's instructions.

169. Plaintiff acted in said manner, in order to interfere with Plaintiff's creation titled "Cannibal Women", which had caused offense to one of the song sharks mentioned in Count XII, 182. Plaintiff had not created the song with the song shark in mind. Defendant had suggested the title, both Plaintiff and Defendant created unique works based on said title. Plaintiff's version turned out well, and is intended as a portion of a Broadway-style musical Plaintiff is in the longterm process of writing.

170. Plaintiff finds it odd that the creation of a song whose title unintentionally offended would lead to the Copyright Infringement extant with relation to Song 19, CD 1, it holding the identical title.

171. Defendant obtained no permission from Plaintiff to publish or Copyright the instrumental track found in Song 19, CD 1, and, Song 18, CD 1.

172. Plaintiff requests the Court order Defendant to remove Song 19, CD 1, and, Song 18, CD 1, from SRu593 - 919.


COUNT XXI - COPYRIGHT INFRINGEMENT

173. Plaintiff hereby reiterates and incorporates by reference the allegations contained in paragraphs 1 through 9 as though fully written herein.

174. Plaintiff's Copyright filing, SRu000287757, includes "Goodbye, Jimmy", noting Defendant as co-writer of lyrics.

175. Defendant's Song 2, CD 2, "Donny Broke into the Station", SRu593 - 919 is comprised of lyrics substantially similar to those in, "Goodbye, Jimmy", SRu000287757. Defendant's Song 2, CD 2, SRu593 - 919, Infringes upon Plaintiff's SRu000287757.

1.) Song 2, CD 2, lyrics; "Donny broke into the station,
Walter was just a follower
Bubba tampered with evidence,
Sid was a Thorazine swallower"

"Jimmy was smoking on a cigarette
When everyone ran away
An alarm went off at the station,
Jimmy was charged today"

2.) "Goodbye, Jimmy", lyrics; "Donny broke into the station,
Walter was just a follower,
Bubba tampered with evidence,
You know Sid was a Thorazine swallower"

15

> "Jimmy was smoking on a cigarette
> When everyone ran away
> An alarm went off at the station
> Jimmy was charged today"

A. Song 2, CD 2, includes Jimi Hendrix guitar samples that, under United States Law, unless licensed, represent Copyright Infringements.
Bridgeport v. Dimension 410 F. 3d 792 (6th Cir. 2005)

176. Defendant did not obtain Plaintiff's permission to use the instrumental track underlying the vocal track of Song 2, CD 2, on SRu593 - 919.

177. Plaintiff requests that the Court award Statutory Judgment to Plaintiff in the amount of $30,000.00 (Thirty-thousand dollars) for willful Copyright Infringement committed by Defendant, and occurring, as defined, in Count XXI.
17 U.S.C. 504 (c) (2)

178. Plaintiff requests the Court order Defendant to remove Song 2, CD 2 from SRu593 - 919.

COUNT XXII - COPYRIGHT INFRINGEMENT

179. Defendant's Song 3, CD 4, "For Your Eyes Only", is included within SRu593 - 919.

180. The instrumental track of Song 3, CD 4, is that described in Count III, 25 through 28.

181. Defendant includes Song 3, CD 4, to give a nod and a wink to co-conspirators involved in the ongoing effort to entangle, as much as possible, Plaintiff's ability to publish, market, and distribute, Plaintiff's intellectual property.

182. Plaintiff encountered some of the most unsavory individuals in the music business while resident at Mp3.com. Some of these persons became very vindictive upon Plaintiff publicly pointing them out as "song sharks", based on their violations of accepted procedure within the business of music. Plaintiff continues to experience repercussions related to his Mp3.com experience.

183. Defendant did not seek to obtain licensing for "For Your Eyes Only", it being the theme song of the James Bond film, "For Your Eyes Only". Publishing contacts for this song are defined as follows;
Copyright 1981, DANJAQ S.A.
United Artists Music Co., Inc. and UNART Music Corporation
Assigned to CBS Catalogue Partnership

184. Plaintiff requests the Court order Defendant to remove Song 3, CD 4, from SRu593 - 919.

COUNT XXIII - COPYRIGHT INFRINGEMENT

185. Plaintiff hereby reiterates and incorporates by reference the allegations contained in paragraphs 1 through 9 as though fully written herein.

186. Plaintiff's Copyright filing, SRu000287757, includes "Testing Star Wars", and credits Defendant as co-writer of lyrics.

187. Defendant's Song 1, CD 2, "Testing Star Wars and I had High Hopes", SRu593 - 919 is comprised of lyrics substantially similar to those in Plaintiff's, "Testing Star Wars", SRu000287757. Defendant's Song 1, CD 2, SRu593 - 919, Infringes upon Plaintiff's SRu000287757.

    1.)   Song 1, CD 2, lyrics; "I'm a secret agent at my computer
                 Testing Star Wars"

                  "America's pleased, the President's amused
                  What good's a laser weapon if it's never used"

    2.)   "Testing Star Wars", lyrics; "I'm just a secret agent,
                     Me and my computer,
                     Testing Star Wars"

              "America's pleased, the President's amused
              What good's a laser weapon if it's never ever used"

188. Defendant did not obtain Plaintiff's permission to use the instrumental track underlying the vocal track of Song 1, CD 2, on SRu593 - 919.

189. Defendant's Song 3, CD 2, "This One's a Mick Jagger Impersonation to Not Much to Occupy Me", contains a musical track identical to the musical track used in Defendant's Song 1, CD 2.

    B. Song 3, CD 2, Plaintiff alleges, is titled as such to underline that Defendant included this Track in his SRu593 - 919 submission with the intension of creating a nuisance to Plaintiff.

    C. Song 3, CD 2, contains lyrics that are substantially similar to those of Song 1, CD 2.

190. Defendant did not obtain Plaintiff's permission to use the instrumental track underlying the vocal track of Song 3, CD 2, on SRu593 - 919.

191. Plaintiff requests that the Court award Statutory Judgment to Plaintiff in the amount of $30,000.00 (Thirty-thousand dollars) for willful Copyright Infringement committed by Defendant, and occurring, as defined, in Count XXIII.

192. Plaintiff requests the Court order Defendant to remove Song 1, CD 2 from SRu593 - 919.

193. Plaintiff requests the Court order Defendant to remove Song 3, CD 2 from SRu593 - 919.


COUNT XXIV - COPYRIGHT INFRINGEMENT

194. Plaintiff hereby reiterates and incorporates by reference the allegations contained in paragraphs 1 through 9 as though fully written herein.

195. Plaintiff's Copyright filing, SRu000287757, includes "Our MacGeddon", and credits Defendant as co-writer of lyrics. "Our MacGeddon" is a parody wherein the world is conquered by Ronald McDonald of the hamburger chain.

196. Defendant's Song 8, CD 1, "3003" MCD'S, SRu593 - 919 is comprised of lyrics that are substantially similar to those in Plaintiff's, "Our MacGeddon", SRu000287757. Song 8, CD 1, SRu593 - 919, Infringes upon Plaintiff's SRu000287757.

   1.) Song 8, CD 1, lyrics; "Ronald's got my number, McLeg, McBrain, McEye
                       Hamburglar's been spotted,
                       he leads McMac's McSpies"

   2.) "Our MacGeddon", lyrics; "Ronald's got my number,
                      McLeg, McBrain, McEye
                       Hamburglar's been spotted, he leads McMac's McSpies"

197. Defendant did not obtain Plaintiff's permission to use the instrumental track underlying the vocal track of Song 8, CD 1, on SRu593 - 919.

198. Defendant's Song 9, CD 1, "MCD'S 3003", SRu593 - 919, is comprised of lyrics that are substantially similar to those in Plaintiff's, "Our MacGeddon", SRu000287757. Song 9, CD 1, SRu593 - 919, Infringes upon Plaintiff's Copyright, SRu000287757.

    1.)    Song 9, CD 1, lyrics; "I had no time for rest,
                               I'm the last survivor"

                    "It's ArMacGeddon"

                    "I could be like them, I don't need no reminder"

    2.)    "Our MacGeddon", lyrics; "Got no time for rest,
                               I'm the last survivor"

                    "It's our MacGeddon, oh, no, it's our MacGeddon"

                    "I could be like them, don't give me no reminders"

199. Defendant did not obtain Plaintiff's permission to use the instrumental track underlying the vocal track of Song 9, CD 1, on SRu593 - 919.

200. Plaintiff requests that the Court award Statutory Judgment to Plaintiff in the amount of $30,000.00 (Thirty-thousand dollars) for willful Copyright Infringement committed by Defendant, and occurring, as defined, in Count XXIV.
    17 U.S.C. 504 (c) (2)

201. Plaintiff requests that the Court order Defendant to remove the vocal track from Song 8, CD 1, and re-title the remainder, as per Plaintiff's wish, "R & B, D".

203. Plaintiff requests the Court order Defendant to remove Song 9, CD 1 from SRu593 - 919.

204. Plaintiff requests the Court order Defendant to remove Song 3, CD 2 from SRu593 - 919.


COUNT XXV - COPYRIGHT INFRINGEMENT

205. Plaintiff hereby reiterates and incorporates by reference the allegations contained in paragraphs 1 through 9 as though fully written herein.

206. Plaintiff's Copyright filing, SRu000287757, includes "Thorazine Kid", and credits Defendant as co-writer of lyrics.

207. Defendant's Song 5, CD 3, "Hey Where's the Thorazine Kid or It's Time He Sings his Song Don't be Late for Medication or Give Me Back my Guns", is lyrically substantially similar to Plaintiff's, "Thorazine Kid", SRu000287757. Song 5, CD 3, SRu593 - 919, Infringes upon the Copyright of Plaintiff's SRu000287757.

18

1.)    Song 5, CD 3, lyrics; "UFO's were stealing my house,
                    shooting me with laser rays"

"Hey, where's the Thorazine Kid, it's time he sings his song,
Don't be late for medication"

2.)    "Thorazine Kid", lyrics;

"UFO's were stealing the rays from the Sun"

"You've got to beam me up with laser rays"

"Hey, where's the Thorazine Kid, it's time for medication"

208. Defendant did not obtain Plaintiff's permission to use the
instrumental track underlying the vocal track of Song 5, CD 3, on SRu593 -
919.

209. Plaintiff requests that the Court award Statutory Judgment to
Plaintiff in the amount of $30,000.00 (Thirty-thousand dollars) for
willful Copyright Infringement committed by Defendant, and occurring, as
defined, in Count XXV.
    17 U.S.C. 504 (c) (2)

210. Plaintiff requests that the Court order Defendant to remove the vocal
track from Song 5 CD 3, and re-title the remainder, as per Plaintiff's
wish, "R & B, E".


COUNT XXVI - COPYRIGHT INFRINGEMENT

211. Plaintiff hereby reiterates and incorporates by reference the
allegations contained in paragraphs 1 through 9 as though fully written
herein.

212. Defendant's, Song 20, CD 4, "Killer Squirrel", SRu663 - 486, includes
samples taken from the television program, "Outer Limits".

    A. Defendant neither requested, nor received, authorization from the
"Outer Limits" rights holders to use said samples in Song 20, CD 4.

213. Defendant did not obtain Plaintiff's permission to use the
instrumental track underlying the vocal track of Song 20, CD 4, on SRu663
- 486.

214. Plaintiff requests the Court order Defendant to remove Song 20, CD 4,
from SRu663 - 486.


COUNT XXVII - COPYRIGHT INFRINGEMENT

215. Plaintiff hereby reiterates and incorporates by reference the
allegations contained in paragraphs 1 through 9 as though fully written
herein.

216. Defendant's Song 8, CD 3, "Excitable Boy and Lawyers, Guns, and
Money", SRu593 - 919, Infringes upon the lyrics of two more Warren Zevon
songs.

    A. The rights holders of Warren Zevon's, "Excitable Boy", are;
            Copyright 1978, Asylum Records
            Polite Music (ASCAP)
            Zevon Music (BMI)

    B. The rights holders of Warren Zevon's, "Lawyers, Guns, and Money",
are defined as;
                Copyright 1978, Elektra/Asylum Records
                Zevon Music (BMI)

217. Defendant did not obtain licensing with regard to 216., A and B.

19

218. Defendant did not obtain Plaintiff's permission to use the underlying musical track of Song 8, CD 3, within SRu593 - 919.

219. Plaintiff requests the Court order Defendant to remove Song 8, CD 3, from SRu593 - 919.


COUNT XXVIII - COPYRIGHT INFRINGEMENT

220. Plaintiff hereby reiterates and incorporates by reference the allegations contained in paragraphs 1 through 9 as though fully written herein.

221. Defendant's Song 11, CD 3, "A Big Hunk of Love", is included within SRu593 - 919.

222. The rights holders of "A Big Hunk of Love" are defined as follows;
    Copyright 1959, Elvis Presley Music, USA
    Publishing and licensing, Carlin Music Corporation,
    Iron Bridge House, 1 Bridge Approach

223. Defendant received no permission from Plaintiff to use the underlying instrumental track of Song 11, CD 3, within SRu593 - 919.

224. Plaintiff requests the Court order Defendant to remove Song 11, CD 3, from SRu593 - 919.


COUNT XXIX - COPYRIGHT INFRINGEMENT

225. Plaintiff hereby reiterates and incorporates by reference the allegations contained in paragraphs 1 through 9 as though fully written herein.

226. Defendant's Song 12, CD 3, "Blue Eyes Crying in the Rain", is included in SRu593 - 919.

227. The rights holders of "Blue Eyes Crying in the Rain", are defined as follows;
    Copyright 1945, Milene Music Incorporated, USA
    Campbell Connelly & Company, 8/9 Frith Street, London

228. Defendant received no permission from Plaintiff to use the underlying instrumental track of Song 12, CD 3, within SR593 - 919. (See Count XXXII, 230.)

229. Plaintiff requests the Court order Defendant to remove Song 12, CD 3, from SRu593 - 919.


COUNT XXX - COPYRIGHT INFRINGEMENT

230. Plaintiff hereby reiterates and incorporates by reference the allegations contained in paragraphs 1 through 9 as though fully written herein.

231. Defendant's Song 14, CD 3, "Blue Suede Shoes", is included within SRu593 - 919.

232. The rights holders of "Blue Suede Shoes", are defined as follows;
    Copyright 1956, by Hi-Lo Music,
    All Rights Assigned to Hill & Range Songs Incorporated,
    Administered by Unichappel Music Incorporated, New York, USA
    Carlin Music Corporation, Iron Bridge House, 3 Bridge Approach

233. Defendant received no permission from Plaintiff to use the underlying instrumental track of Song 14, CD 3.

234. Plaintiff requests the Court order Defendant to remove Song 14, CD 3, from SRu593 - 919.

COUNT XXXI - COPYRIGHT INFRINGEMENT

235. Plaintiff hereby reiterates and incorporates by reference the allegations contained in paragraphs 1 through 9 as though fully written herein.

236. Defendant's Song 15, CD 3,"Bossa Nova Baby", is included within SRu593 - 919.

237. The rights holders of "Bossa Nova Baby", are defined as follows;
        Copyright 1963, Elvis Presley Music, New York, USA
        Carlin Music Corporation, Iron Bridge House, 3 Bridge Approach

238. Defendant received no permission from Plaintiff to use the underlying instrumental track of Song 15, CD 3, within SRu593 - 919.

239. Plaintiff requests that the Court award Statutory Judgment to Plaintiff in the amount of $30,000.00 (Thirty-thousand dollars) for willful Copyright Infringement committed by Defendant, and occurring, as defined, in Count XXXI.
     17 U.S.C. 504 (c) (2)

240. Plaintiff requests that the Court order Defendant to remove vocal track from Song 15, CD 3, and re-title the remainder, as per Plaintiff's wish, "Theme from Nuclear Theatre".


COUNT XXXII - COPYRIGHT INFRINGEMENT

241. Plaintiff hereby reiterates and incorporates by reference the allegations contained in paragraphs 1 through 9 as though fully written herein.

242. Defendant's Song 16, CD 3,"Can't Help Falling in Love", is included within SRu593 - 919.

243. The rights holders of "Can't Help Falling in Love", are defined as follows;
        Copyright 1961, Gladys Music, USA
        Carlin Music Corporation, Iron Bridge House,
        3 Bridge Approach, London NWI

244. Defendant received no permission from Plaintiff to use the underlying instrumental track of Song 16, CD 3, within SRu593 - 919.

245. Song 16, CD 3, contains music identical to that within Song 12, CD 3, "Blue Eyes Crying in the Rain". See Count XXXII, 213.


COUNT XXXIII - COPYRIGHT INFRINGEMENT

246. Plaintiff hereby reiterates and incorporates by reference the allegations contained in paragraphs 1 through 9 as though fully written herein.

247. Defendant's Song 23, CD 3,"Masterplan", appears within SRu593 - 919.

248. The rights holders of "Masterplan", are defined as follows;
        Copyright 2000, Plasmatics Media, Inc.
        Copyright 1981, XYZ Entertainment, Inc.

249. Defendant received no permission from Plaintiff to use the underlying instrumental track of Song 23, CD 3, within SRu593 - 919.

250. Plaintiff requests the Court order Defendant to remove Song 23, CD 3, from SRu593 - 919.

COUNT XXXIV - COPYRIGHT INFRINGEMENT

251. Plaintiff hereby reiterates and incorporates by reference the allegations contained in paragraphs 1 through 9 as though fully written herein.

252. Defendant's Song 9, CD 3, "Demolition Man", appears in SRu593 - 919.

253. The rights holders of "Demolition Man", are defined as follows;
     Atlantic Recording Corp., Island Records, Inc.
     Virgin Music, Chappell Music (ASCAP)
     1981, Grace Jones, Island Records, Inc.

254. Defendant received no permission from Plaintiff to use the underlying instrumental track of Song 9, CD 3, within SRu593 - 919.

255. Plaintiff requests the Court order Defendant to remove Song 9, CD 3, from SRu593 - 919.


COUNT XXXV - COPYRIGHT INFRINGEMENT

256. Plaintiff hereby reiterates and incorporates by reference the allegations contained in paragraphs 1 through 9 as though fully written herein.

257. Defendant's Song 4, CD 2, "Careless Love", appears in SRu593 - 919.

   A. The rights holders of "Careless Love, are defined as follows;
     Carlin Music Corporation, Iron Bridge House,
     3 Bridge Approach, London NWI

   B. Defendant did not obtain licensing to include the lyrics of "Careless Love" within Song 4, CD 2, SRu593 -919.

258. Plaintiff did not Author the instrumental track of Song 4, CD 2, SRu593 - 919. Sound Registration Copyright of a Musical Compilation requires that one of the Authors listed be involved in the Authorship of each of the recordings being Registered.

259. Defendant does not, within SRu593 - 919, credit the musicians responsible for creating the instrumental track of Song 4, CD 2.

260. Plaintiff requests the Court order Defendant to remove Song 4, CD 2, from SRu593 - 919.


COUNT XXXVI - COPYRIGHT INFRINGEMENT

261. Plaintiff hereby reiterates and incorporates by reference the allegations contained in paragraphs 1 through 9 as though fully written herein.




262. Defendant's Song 7, CD 2, "Tunnel of Snakes, Only Northern Song, Yellow Submarine", is included within SRu593 - 919.

   A. The rights holders of "Only a Northern Song", are defined as;
     Copyright 1968, George Harrison
     SONY/ATV TUNES LLC DBA ATV OBO ATV

   B. The rights holders of "Yellow Submarine", are defined as follows;
     Copyright 1968, Lennon/McCartney
     SONY/ATV TUNES LLC DBA ATV OBO ATV
     EMI Blackwood

263. Defendant did not obtain licensing to include the lyrics of "Only a Northern Song" and "Yellow Submarine" within Song 7, CD 2.

264. Defendant did not obtain licensing, or permission, from Plaintiff to use the instrumental track underlying the vocal track of Song 7, CD 2.

265. Plaintiff requests the Court order Defendant to remove Song 7, CD 2, from SRu593 - 919.


COUNT XXXVI - COPYRIGHT INFRINGEMENT

266. Plaintiff hereby reiterates and incorporates by reference the allegations contained in paragraphs 1 through 9 as though fully written herein.

267. Defendant's Song 10, CD 3, "5:06 AM (Every Strangers Eyes)", appears in SRu593 - 919.

        A. The rights holders of "5:06 AM (Every Stranger's Eyes)", are;
            1984, Pink Floyd Music Publishers, Ltd., London
        Unichappel Music Inc., (BMI)
        1984, Sony Music Entertainment, Inc.
        1984, CBS Inc.

268. Defendant did not obtain licensing to include lyrics of ""5:06 AM (Every Stranger's Eyes)" within Song 10, CD 3.

269. Defendant did not obtain licensing, or permission, from Plaintiff to use the instrumental track underlying the vocal track of Song 10, CD 3.

270. Said instrumental track of Song 10, CD 3, is identical to that used in Song 6, CD 3.
    (See Count XV, 132., 134., 136.)

271. Plaintiff requests the Court order Defendant to remove Song 10, CD 3, from SRu593 - 919.


COUNT XXXVII - COPYRIGHT INFRINGEMENT

272. Plaintiff hereby reiterates and incorporates by reference the allegations contained in paragraphs 1 through 9 as though fully written herein.

273. Plaintiff's Copyright filing, SRu000287757, includes "The Day the Serpent Died". Defendant is listed as co=writer of lyrics. Defendant played no part in the Song Recording Authorship of "The Day the Serpent Died".

    A. Plaintiff published "The Day the Serpent Died" at Mp3.com in the year, 2000.

274. Defendant's Song 10, CD 2, "On the Day that the Serpeant Died", included within Defendant's filing, SRu593 - 919, is lyrically substantially similar to Plaintiff's, "The Day the Serpent Died". Song 10, CD 2, Infringes upon Plaintiff's SRu000287757.

    A. Defendant misrepresents "On the Day the Serpent Died" as being Song 15, CD 2, "I'm a Bug".

275. Defendant includes Plaintiff's "The Day the Serpent Died" as CD 4, Song 20, within SRu663 -486, and makes the following note on SR/CON SRu663 - 486, Defendant's caps;

    THE EMPEROR AND HIS ZOMBIES (CD2 TABLE OF CONTENTS NO. 15 ON THE DAY
    THAT THE SERPEANT DIED) IS REDONE BY CHRIS DOWNEY ON VOCALS THE
    EMPEROR AND HIS ZOMBIES (CD4 TABLE OF CONTENTS NO. 20 ON THE DAY
    THAT THE SERPEANT DIED)"


23

A. Defendant is fabricating, given that the computerized music program, "Fruity Loops", used to create the instrumental track for Song 10, CD 2, had not been created at the point in 1994 during which Plaintiff Copyrighted "The Day the Serpeant Died".


B. Song 20, CD 4, Infringes upon Plaintiff's SRu000287757, in that the two are lyrically substantially similar throughout;

    1.) Song 20, CD 4, lyrics; "The Serpeant went wrong
                            Back when he was a little snake"

                      "Police came, and the army came,
                      and Jimmy Carter came"

    2.) "Day the Serpent Died", lyrics; "The Serpent went wrong
                                Back when he was a little snake"

                        "Police came, and the army came,
                      And Jimmy Carter came"

276. Defendant did not obtain Plaintiff's permission to include Song 10, CD 2, within SRu663 - 486.

277. Defendant did not obtain Plaintiff's permission to include Song 20, CD 4, within SRu593 - 919.

278. Plaintiff requests that the Court award Statutory Judgment to Plaintiff in the amount of $30,000.00 (Thirty-thousand dollars) for willful Copyright Infringement committed by Defendant, and occurring, as defined, in Count XX.
    17 U.S.C. 504 (c) (2)

279. Plaintiff requests the Court order Defendant to remove Song 10, CD 2, from SRu593 - 919.

280. Plaintiff requests the Court order Defendant to remove Song 20, CD 4 from SRu663 - 486.


COUNT XXXVIII - COPYRIGHT INFRINGEMENT

281. Plaintiff hereby reiterates and incorporates by reference the allegations contained in paragraphs 1 through 9 as though fully written herein.




282. Defendant's Song 19, CD 4, "Love Kills", appears in SRu593 - 919.

    A. The rights holders of "Love Kills", are defined as follows;
        Copyright 1989, The Ramones
        Warner Brothers Music Corp.

    B. Defendant includes this song because its instrumental track is that of Plaintiff's unpublished, "I'm an Animal". Plaintiff alleges that Defendant seeks consciously to interfere with the ability of Plaintiff to market said work.

283. Defendant did not obtain licensing to include the lyrics of "Love Kills" in Song 19, CD 4.

284. Defendant did not obtain permission, from Plaintiff to use the instrumental track underlying the vocal track of Song 19, CD 4.

285. Plaintiff requests the Court order Defendant to remove Song 19, CD 4, from SRu593 - 919.

286. With respect to this entire action, Plaintiff emphatically alleges that Defendant's Song Titles are very regularly titled, and, or, chosen, by Defendant with the intent to;

    A. Harass Plaintiff.

    B. Underline that Defendant's Copyrights are being Registered for the express purpose of eliminating any ability on Plaintiff's part to market any jointly, or solely, owned works.


WHEREFORE, Plaintiff demands the following relief:


A. A Judgment in money in the amount of $30,000.00 (Thirty-thousand dollars) in compensation of Plaintiff for the Copyright Infringement perpetrated by Defendant, as outlined in Count I of this action.

B. A Judgment in money in the amount of $30,000.00 (Thirty-thousand dollars) in compensation of Plaintiff for the Copyright Infringement perpetrated by Defendant, be rendered, as outlined in Count II of this action.

C. A Judgment in money in the amount of $30,000.00 (Thirty-thousand dollars) in compensation of Plaintiff for the Copyright Infringement perpetrated by Defendant, be rendered, as outlined in Count IV of this action.

D. A Judgment in money in the amount of $30,000.00 (Thirty-thousand dollars) in compensation of Plaintiff for the Copyright Infringement perpetrated by Defendant, be rendered, as outlined in Count V of this action.

E. A Judgment in money in the amount of $30,000.00 (Thirty-thousand dollars) in compensation of Plaintiff for the Copyright Infringement perpetrated by Defendant, be rendered, as outlined in Count VI of this action.

F. A Judgment in money in the amount of $60,000.00 (Thirty-thousand dollars) in compensation of Plaintiff for the Copyright Infringement perpetrated by Defendant, be rendered, as outlined in Count IX of this action.

G. A Judgment in money in the amount of $60,000.00 (Sixty-thousand dollars) in compensation of Plaintiff for the Copyright Infringement perpetrated by Defendant, be rendered, as outlined in Count X of this action.

H. A Judgment in money in the amount of $30,000.00 (Thirty-thousand dollars) in compensation of Plaintiff for the Copyright Infringement perpetrated by Defendant, be rendered, as outlined in Count XI of this action.

I. A Judgment in money in the amount of $30,000.00 (Thirty-thousand dollars) in compensation of Plaintiff for the Copyright Infringement perpetrated by Defendant, be rendered as outlined in Count XII of this action.

J. A Judgment in money in the amount of $30,000.00 (Thirty-thousand dollars) in compensation of Plaintiff for the Copyright Infringement perpetrated by Defendant, be rendered, as outlined in Count II of this action.

K. A Judgment in money in the amount of $10,000.00 (Ten thousand dollars) in compensation of Plaintiff for the Copyright Infringement perpetrated by Defendant, be rendered, as outlined in Counts XVI and XVII of this action.

L. A Judgment in money in the amount of $60,000.00 (Sixty-thousand dollars) in compensation of Plaintiff for the Copyright Infringement perpetrated by Defendant, be rendered, as outlined in Count XVIII of this action.

M. A Judgment in money in the amount of $30,000.00 (Thirty-thousand dollars) in compensation of Plaintiff for the Copyright Infringement perpetrated by Defendant, be rendered as outlined in Count XIX of this action.

N. A Judgment in money in the amount of $30,000.00 (Thirty-thousand dollars) in compensation of Plaintiff for the Copyright Infringement perpetrated by Defendant, be rendered, as outlined in Count XXI of this action.

O. A Judgment in money in the amount of $30,000.00 (Thirty-thousand dollars) in compensation of Plaintiff for the Copyright Infringement perpetrated by Defendant, be rendered, as outlined in Count XXIII of this action.

P. A Judgment in money in the amount of $30,000.00 (Thirty-thousand dollars) in compensation of Plaintiff for the Copyright Infringement perpetrated by Defendant, be rendered, as outlined in Count XXIV of this action.

Q. A Judgment in money in the amount of $30,000.00 (Thirty-thousand dollars) in compensation of Plaintiff for the Copyright Infringement perpetrated by Defendant, be rendered, as outlined in Count XXV of this action.

R. A Judgment in money in the amount of $30,000.00 (Thirty-thousand dollars) in compensation of Plaintiff for the Copyright Infringement perpetrated by Defendant, be rendered, as outlined in Count XXXII of this action.

S. Plaintiff to be compensated for attorney fees resulting from this action.

T. The retention of Plaintiff's right to request additional statutory, and, or, actual damages, individually, or in the aggregate, for those Counts not specified by monetary statutory damages in A through R.

U. Plaintiff's ownership of materials included in Defendant's, "The Emperor and His Zombies, CD's 1 through 5", in the event said materials have not been specifically cited with this Action, are to be retained by Plaintiff until such time as contractual agreement is concluded between Plaintiff and Defendant.

Respectfully submitted,

Dated: August 31, 2009

Christopher Vernon Downey, Pro Se
3216 Bishop Street
Cincinnati, OH, 45220

26