## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

CHRISTOPER VERNON DOWNEY,
    Plaintiff,

    vs.

BLAISE A. DOWNEY
    Defendant.

Case No. 1:09-cv-634

Barrett, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

    Plaintiff, Christopher Downey, proceeding pro se, brings this copyright infringement action pursuant to the Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq*. (the Copyright Act), alleging that defendant, Blaise Downey, plaintiff's brother, infringed on his copyrights by utilizing plaintiff's instrumental musical tracks in defendant's recordings. This matter is before the court on defendant's motion for summary judgment (Doc. 47), plaintiff's response in opposition (Doc. 48), and defendant's reply. (Doc. 51). For the reasons stated below, the undersigned recommends that defendant's motion for summary judgment be granted.

### I. Background

    The following facts are undisputed. Plaintiff and defendant are brothers who, until recently, cohabitated in the residence owned by defendant. (Doc. 47 at 9-11, Deposition of Plaintiff). *See also* Doc. 52, Notification of Change of Address. For over twenty years, the parties have created musical works together at defendant's residence. (Doc. 47 at 9-11). Generally, plaintiff creates the instrumental score and defendant co-authors lyrics and provides vocals. *See generally* Doc. 47. In 1994, plaintiff registered "Virtual Oblivion," a compilation of 29 sound recordings with the Office of Copyrights. "Virtual Oblivion" was assigned the Copyright Registration Number SRu 287-757. (Doc. 47, Ex. 1, "Virtual Oblivion" Copyright

Certificate). Plaintiff listed himself as the "co-author of words" and as the "sole instrumental musician" and listed defendant as "co-author of words" and "primary vocalist" for certain songs. *Id.* Plaintiff alleges that in 2005 and 2006, defendant registered compilations of sound recordings with the Office of Copyrights entitled "The Emperor and his Zombies" and "The Emperor and his Zombies (revised)" listing both plaintiff and defendant as co-authors of the registered works. (Doc. 10 at 1-2, Plaintiff's Complaint). Plaintiff then brought suit against defendant raising 38 counts of copyright infringement, alleging that defendant's copyright filings infringed on plaintiff's prior copyright filing for "Virtual Oblivion." (Doc. 10). The Court previously dismissed 27 of plaintiff's 38 counts of copyright infringement. (Doc. 23). Defendant now brings a motion for summary judgment on plaintiff's remaining claims in counts 1, 2, 4, 5, 7, 8, 10, and 17-20. (Doc. 23).

## II. Summary Judgment Standard

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Under Federal Rule of Civil Procedure 56(c), a grant of summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Satterfield v. Tennessee*, 295 F.3d 611, 615 (6th Cir. 2002). The Court must evaluate the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. *Satterfield*, 295 F.3d at 615; *Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio*, 475

2

U.S. 574, 587 (1986); *Little Caesar Enterprises, Inc. v. OPPC, LLC*, 219 F.3d 547, 551 (6th Cir. 2000).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. The trial court need not search the entire record for material issues of fact, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a prima facie case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. Resolution

Defendant raises three arguments in support of its motion for summary judgment on plaintiff's remaining counts of copyright infringement: (1) plaintiff has not copyrighted the materials he claims was infringed by defendant; (2) because defendant is listed as a co-author in plaintiff's Copyright Registration, plaintiff may not maintain copyright infringement claims against him; and (3) defendant's alleged conduct does not constitute infringement under relevant copyright law. In support, defendant relies on plaintiff's testimony and the copyright registration form which demonstrate that plaintiff did not register many of the songs at issue for copyright protection. Defendant further cites to this evidence to demonstrate that he is a co-author of the copyrighted work and, consequently, cannot be liable for infringement. Defendant contends that

3

this evidence demonstrates that plaintiff's claims fails as a matter of law and that summary judgment should be granted in his favor.

Plaintiff's response in opposition consists largely of unsupported accusations that defendant, in collusion with several third parties, including unidentified cult members, is part of a scheme designed to "exact revenge upon [p]laintiff." (Doc. 50 at 15). To the extent that plaintiff's memorandum attempts to rebut the arguments raised in defendants summary judgment motion, plaintiff asserts that although defendant was listed as a "co-author of words," defendant did not author any of the instrumental tracks contained in the compilation and, thus, is liable for infringement due to his use of these materials in sound recordings later copyrighted by defendant.

In support, plaintiff cites to defendant's discovery responses in an attempt to demonstrate that defendant was incapable of creating sound recordings and/or instrumental tracks. However, the evidence proffered by plaintiff is inadmissible and not properly before the Court. Rather than submitting the actual discovery responses as an exhibit in responding to defendant's motion, plaintiff has merely typed the purported interrogatory responses into his memorandum. *See* Doc. 50 at 11-13. This method of presenting evidence does not comport with the requirements of Fed. R. of Civ. P. 56(c). Although the Court is mindful of plaintiff's pro se status, he still bears the burden of setting forth evidence demonstrating that a genuine issue of material fact exists. *See Torba v. J.M. Smucker Co.*, 888 F. Supp. 851, 853 (N.D. Ohio 1995) (pro se plaintiff must present evidence "setting forth specific facts demonstrating a genuine issue of material fact where the opposing party has moved for summary judgment") (*citing Black v. Parke*, 4 F.3d 442, 448 (6th Cir. 1993) (same)). Here, plaintiff has failed to properly submit defendant's discovery responses into evidence. *See* Fed. R. Civ. P. 56 (c)(1)(A) (at summary judgment a party

4

"asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials *in the record*") (emphasis added). Consequently, plaintiff has introduced no evidence whatsoever either to support his claims or rebut defendant's evidence. Plaintiff's deficient response notwithstanding, the Court must still analyze whether defendant's arguments merit a grant of summary judgment as they primarily involve determinations of law.

### A. Plaintiff's failure to copyright songs which form the basis of Counts 1, 2, 5, 7, 17, and 20 of his complaint preclude his claims of copyright infringement.

A copyright infringement claim under 17 U.S.C. § 411 has two elements: "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." *Bridgeport Music, Inc. v. WM Music Corp.*, 508 F.3d 394, 398 (6th Cir. 2007) (quoting *Stromback v. New Line Cinema*, 384 F.3d 283, 293 (6th Cir. 2004)). Subject to the requirements of § 411, the legal or beneficial owner of an exclusive right under a copyright is entitled to institute an action for any infringement of that right committed during its ownership. 17 U.S.C. § 501(b). Section 411(a) requires that no civil action for infringement of a copyright can be instituted until preregistration or registration of the copyright claim has been made in accordance with that title. 17 U.S.C. § § 411(a).

Section 411(a)'s registration requirement is not jurisdictional. *Reed Elsevier, Inc. v. Muchnick*, -- U.S. --, 130 S.Ct. 1237 (2010). Accordingly, a plaintiff's failure to comply with the registration requirement does not divest the federal courts of subject matter jurisdiction over a copyright infringement claim. *Id.* at 1241. However, the requirement is a precondition to filing a claim. *Id.* "[Section 411(a)] establishes a condition – copyright registration – that plaintiffs must ordinarily satisfy before filing an infringement claim and invoking the Act's remedial provisions." *Id.* at 1242. The registration precondition is not satisfied where a plaintiff files a

5

copyright action before registering its copyright claim. *Treadmilldoctor.com v. Johnson*, No. 08-2877, 2011 WL 1256601, at *4 (W.D. Tenn. Mar. 31, 2011) (citing *Reed Elsevier*, 130 S.Ct. at 1241; *Coles v. Wonder*, 283 F.3d 798, 801 (6th Cir. 2002); *Murray Hill Publ'ns, Inc. v. ABC Communications, Inc.*, 264 F.3d 622 (6th Cir. 2001), *abrogated on other grounds*, *Reed Elsevier*, 130 S.Ct. 1237) (and other cases)).

Where the plaintiff has failed to satisfy the registration precondition to suit, and a defendant timely raises the plaintiff's failure, the plaintiff's claim must be dismissed. *See Treadmilldoctor.com*, 2011 WL 1256601, at *5 (and cases cited therein) (although the district court has jurisdiction over the claim where the defendant does not obtain a copyright registration prior to filing suit, the action is subject to dismissal when a defendant moves to dismiss the action for failure to state a claim). *See also Peters v. West*, 692 F.3d 629, 632 (7th Cir. 2012) ("copyright registration, while not jurisdictional, is a substantive requirement of infringement litigation"); *Real Estate Innovations, Inc. v. Houston Ass'n of Realtors, Inc.*, 422 F. App'x 344 (5th Cir. 2011) (where "a plaintiff does not have a copyright registration, [his] claim may be dismissed for failure to state a claim"). *Cf. Hoogerheide v. IRS*, 637 F.3d 634, 637, 639 (6th Cir. 2011) (analogizing nonjurisdictional, mandatory exhaustion requirement under IRS requirement scheme to copyright registration requirement).

Plaintiff testified at his deposition that he did not register copyrights for the songs forming the basis of Counts 1, 2, 5, 7, 17, and 20 of his complaint as of its filing date.[1] *See* Doc. 47 at 11-12; 15-16; 25-27; 33-35; 64-66; 76-78.[2] Plaintiff has submitted no evidence that

[1] Plaintiff testified that he registered a copyright for the song which forms the basis of Count 10, "Secret Agent Andy," subsequent to the filing of his complaint. (Doc. 47 at 60).
[2] The titles of the songs that are the subject of these counts are, respectively, "White Castles in Africa"; "Visions of Captain Space"; "Goldfinger" and "Voodoo Goldfinger"; "Mean Woman Blues"; "South Park"; and

copyright registrations exist for these songs to create a genuine issue of fact on the registration issue. As plaintiff has failed to provide any evidence that he has registered copyrights for these works, defendant's motion for summary judgment should be granted with respect to Counts 1, 2, 5, 7, 17, and 20 of plaintiff's complaint for lack of copyright registration under 17 U.S.C. § 411(a).[3]

### B. Summary judgment is appropriate in light of defendant's co-author status.

Defendant further argues that plaintiff cannot maintain his infringement action against defendant because defendant is listed as a co-author of the allegedly infringed works. In support, defendant cites to the copyright registration[4] for "Virtual Oblivion," which lists defendant as one of four co-authors of the work. (Doc. 17, Ex. 1). In light of defendant's co-authorship status, he contends that plaintiff may not maintain an infringement suit against defendant for any subsequent use of the "Virtual Oblivion" material. In opposition, plaintiff argues the copyright registration identifies defendant as a co-author of *words* only and therefore the infringement claims involving defendant's use of the "Virtual Oblivion" music and instrumental tracks are still viable. For the following reasons, defendant's argument is well-taken and the undersigned recommends that the instant motion for summary judgment be granted.

"The Copyright Act of 1976 provides that copyright ownership 'vests initially in the

---

"Cannibal Women." *Id.*

[3] As the Court finds that summary judgment is appropriate on all of plaintiff's claims in light of defendant's co-authorship argument, discussed *infra* in Section III (B), the undersigned declines to reach defendant's remaining arguments as to plaintiff's failure to individually register copyrights for each song in the "Virtual Oblivion" compilation.

[4] The copyright information for "Virtual Oblivion" is found at: http://cocatalog.loc.gov/ cgi-bin/Pwebrecon.cgi?Search_Arg=SRu000287757&Search_Code=REGS&PID=5RLb1b-g75Z2xcLnPypmezv 0WHa6&SEQ=20121207132411&CNT=25&HIST=1 (last visited December 7, 2012). The Court takes judicial notice of the fact that plaintiff's copyright registration for "Virtual Oblivion" lists defendant as a co-author. *See Idema v. Dreamworks, Inc.*, 90 F. App'x 496, 498 (9th Cir. 2003) (noting appropriateness of taking judicial notice of copyright registrations under Fed. R. Evid. 201(b)(2)).

author or authors of the work.'" *Cmt'y for Creative Non-Violence v. Reid,* 490 U.S. 730, 737

(1989) (quoting 17 U.S.C. § 201(a)). "In a joint work, the joint authors hold undivided interests

in a work, despite any differences in each author's contribution." *Erickson v. Trinity Theatre,*

*Inc.,* 13 F.3d 1061, 1068 (7th Cir. 1994) (citing 17 U.S.C. § 201). Under the Copyright Act, a

"joint work" is defined as "a work prepared by two or more authors with the intention that their

contributions be merged into inseparable or interdependent parts of a unitary whole." 17 U.S.C.

§ 101. "Joint authorship entitles the co-authors to equal undivided interests in the whole work--

in other words, each joint author has the right to use or to license the work as he or she wishes,

subject only to the obligation to account to the other joint owner any profits that are made."

*Thomson v. Larson,* 147 F.3d 195, 199 (2d Cir. 1998); *Childress v. Taylor,* 945 F.2d 500, 505

(2d Cir. 1991); *Weinstein v. University of Illinois,* 811 F.2d 1091, 1095 (7th Cir. 1987); 1 M. &

D. Nimmer, *Nimmer on Copyright,* § 6.02 at 6–7 to 6–8)). Further, the owner of a joint

copyright "cannot sue his co-owner . . . for infringement . . . because a copyright owner cannot

infringe his own copyright." *McCants v. Tolliver*, No. 11 CV 0664, 2011 WL 2893058, at *4

(N.D. Ohio July 15, 2011) (citations omitted).

Here, there is no question that defendant is a co-author and, thus, a joint owner of the

copyrighted work "Virtual Oblivion." Plaintiff's copyright registration specifically lists

defendant as a co-author. (Doc. 47, Ex. 1). As instructed by the Copyright Act, "[i]n any judicial

proceedings the certificate of a registration made before or within five years after first

publication of the work shall constitute prima facie evidence of the validity of the copyright and

of the facts stated in the certificate." 17 U.S.C. § 410(c). Consequently, the Court finds that

defendant has presented prima facie evidence that he is a co-author of the work "Virtual

Oblivion" – the work forming the basis of plaintiff's copyright infringement claims. Further,

8

plaintiff testified that defendant was a co-author of words and/or the primary vocalist of the songs for the remaining claims. Doc. 17 at 11-12, 15-16, 21-27, 33-38, 55-61, 64-74, 76-78. The uncontested facts of this case, as well as the copyright registration itself, confirm that defendant is a co-author and joint owner of the "Virtual Oblivion" compilation.

While plaintiff asserts that defendant is the co-author of words only, he cites to no authority supporting the proposition that this distinction permits an infringement action for defendant's subsequent use of the music and instrumental tracks. In any event, the Copyright Act's definition of "joint work" as a combination of "interdependent parts of a unitary whole[,]" 17 U.S.C. § 101, reveals Congress' intent that even where a co-author's contribution to the joint work could exist independently, once it is combined with another's contribution it is to be treated as a "joint work" subject to joint ownership. *See* Jane C. Ginsburg and Robert A. Gorman, Copyright Law, 65 (2012) ("For example, if a popular song is created collaboratively by composer and lyricist, they are both regarded as co-owners of the copyright, even though the composer's melody and the lyricist's words could have constituted separate works."). Here, the songs contained in "Virtual Oblivion" were created as a joint work by plaintiff, as composer, and defendant, as lyricist, to which defendant has rights as a co-author. Accordingly, the undersigned finds that all of plaintiff's remaining copyright infringement claims against defendant fail because, as a co-author, defendant cannot be charged with infringement. *McCants*, 2011 WL 2893058, at *5.

In light of this finding, the Court declines to reach defendant's remaining argument that summary judgment is appropriate for plaintiff's failure to present evidence that defendant infringed the copyright at issue.

### V. Conclusion

For these reasons, the Court hereby **RECOMMENDS** that defendant's motion for summary judgment (Doc. 48) be **GRANTED** and that this matter be **DISMISSED** on the docket of the Court.

Date: 12/11/12

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPER VERNON DOWNEY,                    Case No. 1:09-cv-634
      Plaintiff,

                                   Barrett, J.
      vs.                                        Litkovitz, M.J.

BLAISE A. DOWNEY
      Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

11

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 If Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☑ Agent
☐ Addressee

B. Received by ( Printed Name)      C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

1. Article Addressed to:

Christopher Vernon Downey
118 W. Nixon St.
Cinti, OH 45220

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered      ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7002 3150 0000 8389 9517

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540